```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NORTH SHORE-LONG ISLAND JEWISH
HEALTH SYSTEMS, INC.,                                          ORDER ADOPTING
                                                               REPORT AND
              Plaintiff,                                       RECOMMENDATION
                                                               12–CV–1633 (JMA) (AKT)
          v.

MULTIPLAN, INC., TEAMSTERS LOCAL
210 AFFILIATED HEALTH & INSURANCE
FUND and LOCAL 812 HEALTH FUND,

              Defendants.
-------------------------------------------------------X
MULTIPLAN, INC.,

              Third-Party Plaintiff,

          v.


TEAMSTERS LOCAL 210 AFFILIATED
HEALTH & INSURANCE FUND and
LOCAL 812 HEALTH FUND,

              Third-Party Defendants.
-------------------------------------------------------X
```

**AZRACK, District Judge:**

In an effort to extricate itself from a complicated billing dispute, at least temporarily, third-party defendant Local 812 Health Fund ("Local 812") moved to sever and stay the breach of contract claim asserted by third-party plaintiff MultiPlan, Inc. ("MultiPlan"). And to protect its purported interest in this litigation, nonparty Crossroads Healthcare Management, LLC ("Crossroads"), moved to intervene. Both motions were referred to Magistrate Judge Tomlinson for a report and recommendation ("R&R"). In her R&R, Judge Tomlinson recommended: (1) denying Local 812's motion to sever and stay MultiPlan's breach of contract claim; and (2)

denying Crossroads' motion to intervene as of right, but granting Crossroads' motion to intervene permissively.  (See generally R&R, ECF No. 145.)

Local 812 objects to the R&R on grounds that the R&R "incorrectly recites certain positions taken by Local 812 in the instant action that are directly relevant to the conclusions reached in the R&R, and additionally could potentially have a broader impact on this litigation…if adopted by this Court."  (Def. Local 812's Objections to R&R at 1, ECF No. 147.)

Familiarity with the allegations set forth in the parties' pleadings, the parties' briefs, and prior decisions in this case is assumed.  For the reasons discussed below, Local 812's objections are overruled and the R&R is adopted in its entirety.

## I. STANDARD OF REVIEW

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.  The judge may also receive further evidence or recommit the matter to the magistrate with instructions."  Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989) (quoting 28 U.S.C. § 636(b)(1)).  If either party objects to the magistrate judge's recommendations, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Id.

## II. DISCUSSION

### A. Local 812's Motion to Sever and Stay MultiPlan's Breach of Contract Claim

Local 812 asks the Court to grant its motion to sever and stay MultiPlan's breach of contract claim.  Local 812 asserts that Judge Tomlinson's recommendation that the Court deny its motion: (1) improperly relied on claims against Local 812 that plaintiff North Shore-Long Island Jewish Health Systems, Inc. ("North Shore") voluntarily dismissed; and (2) mischaracterized Local 812's positions concerning (a) MultiPlan's right to indemnification from

Local 812, and (b) MultiPlan's right to attorneys' fees from Local 812.

The "court may [] sever any claim against a party." Fed. R. Civ. P. 21. "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." State of N.Y. v. Hendrickson Bros., 840 F.2d 1065, 1082 (2d Cir. 1988). In exercising that discretion, the court considers: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." Morris v. Northrop Grumman Corp., 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

The Court will not sever MultiPlan's breach of contract claim against Local 812. Although the R&R references claims that North Shore has since voluntarily dismissed without prejudice against Local 812, Local 812 misses the bigger picture: North Shore's claims against MultiPlan arise—at least in part—from Local 812's alleged failure (through Crossroads) to timely and completely pay North Shore. Furthermore, although North Shore's damages theories are unclear, especially in light of its confidential settlement with Local 812,[1] MultiPlan premises its defense against North Shore's claims, in part, on Local 812's alleged wrongdoing, and MultiPlan seeks damages attributable to Local 812's failure to remit timely and complete

---

[1] According to Local 812:

> "The claims for nonpayment or for untimely payment under the MultiPlan/Local 812 agreement were resolved last year between Local 812 and [North Shore], which in turn relieves MultiPlan of any liability to pay [North Shore] on such claims because [North Shore] could not recover twice on those same claims."

(Local 812's Opp. to Crossroads' Mot. to Intervene at 17, ECF No. 136.) The implication of Local 812's representation is that the settlement agreement between North Shore and Local 812, which is not before the Court, extinguished all claims against MultiPlan arising from Local 812's alleged wrongdoing. At this juncture, the Court cannot draw that conclusion.

payment to North Shore for services rendered to Local 812 members. (See MultiPlan's Opp. to Mot. to Sever at 6–7, ECF No. 106.) For all of these reasons, MultiPlan's third-party complaint against Local 812 presents common questions of law or fact.

Local 812's arguments concerning Judge Tomlinson's supposed mischaracterizations of Local 812's positions in this litigation also lack merit. With respect to MultiPlan's right to indemnification, the Court agrees that Local 812 has not conceded that MultiPlan has a right to indemnification for MultiPlan's allegedly fraudulent acts. But the Court disagrees with Local 812 that Judge Tomlinson found that Local 812 conceded that it must indemnify MultiPlan "for its own alleged misdeeds." (R&R at 21.) Judge Tomlinson found that Local 812 did not dispute that MultiPlan could seek indemnification if MultiPlan is held liable for *Local 812's* wrongdoing. In its briefing, Local 812 did not argue otherwise.

The Court also disagrees that Judge Tomlinson's recommendation rested on a finding that Local 812 conceded responsibility for all of MultiPlan's attorneys' fees and costs.[2] As Local 812 itself acknowledges, Judge Tomlinson recognized Local 812's disavowal of any obligation to pay attorneys' fees or costs resulting from MultiPlan's alleged misdeeds. (R&R at 25.) And even if Judge Tomlinson misunderstood Local 812's position, see supra note 2, the Court nonetheless concludes that severance now would impede both judicial economy and the possibility of settlement given: (1) MultiPlan's defense based on Local 812's alleged wrongdoing; and (2) Local 812's potential liability to MultiPlan for Local 812's alleged wrongdoing.

Having conducted a de novo review of the record and found no error in Judge

---

[2] The mischaracterization to which Local 812 objects appears to come directly from Local 812's own brief: "The only other relief sought in MultiPlan's third-party complaint, however, is for attorneys' fees and costs and disbursements, which MultiPlan is entitled to recoup in connection with the indemnification clause of its agreement with Local 812." (Local 812 Reply Br. at 2, ECF No. 114.) (emphasis added).

4

Tomlinson's R&R, the Court adopts Judge Tomlinson's recommendation and denies Local 812's motion to sever and stay MultiPlan's breach of contract claim against Local 812.

### B. Crossroads' Motion to Intervene

Although Local 812 does not challenge Judge Tomlinson's recommendation that Crossroads be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b) for the limited purpose of engaging in discovery, Local 812 nevertheless objects to Judge Tomlinson's finding that "[t]he voluntary discontinuance of [Local 812's] fourth-party action, by Local 812's own admission, appeared to be strategic and not indicative of a lack of potential liability to Crossroads." (R&R at 35.) (emphasis added.) Local 812 argues that that finding is erroneous because: (1) Crossroads has not asserted any claims in this litigation; and (2) Local 812 dismissed the fourth-party complaint because Local 812 believed that the complaint's sole claim for breach of contract should be arbitrated under the contract between Local 812 and Crossroads.

The Court finds no error. The fact that Local 812 brought a fourth-party complaint against Crossroads demonstrates that Crossroads has some interest in this litigation. That interest was not extinguished merely because Local 812 dismissed that complaint without prejudice to pursue arbitration of Local 812's claim. Furthermore, Local 812's decision to arbitrate that claim was based on strategic and business considerations—i.e., "that (i) the parties were better served by having the dispute between them resolved through arbitration, and (ii) litigation between Local 812 and Crossroads could potentially cause a disruption of the business relationship between the parties." (Local 812's Opp. to Crossroads' Mot. to Intervene at 11, ECF No. 136.)

Having reviewed the record and found no error in Judge Tomlinson's recommendation concerning Crossroads' motion to intervene, the Court adopts Judge Tomlinson's

recommendation in its entirety.

## III. CONCLUSION

For the reasons set forth above, Judge Tomlinson's R&R is adopted in its entirety. Local 812's motion to sever and stay MultiPlan's third-party claim is denied. Crossroads' motion to intervene pursuant to Federal Rule of Civil Procedure 24(a) is denied. However, Crossroads' motion to intervene under Federal Rule of Civil Procedure 24(b) for the limited purpose of engaging in discovery is granted.

**SO ORDERED.**

Dated: March 25, 2015
Central Islip, New York

                                                    /s/ (JMA)
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE